UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| FERNANDO RODRIGUEZ, | : | 09CV1182 |
|     Plaintiff, | : | |
| v. | : | |
| | : | |
| TROOPER PAUL COMESANAS and | : | |
| TROOPER N/U BOROSKI, NO. 862, | : | |
|     Defendants. | : | |

**MEMORANDUM OF DECISION ON
DEFENDANTS' MOTION TO DISMISS**

In this action, plaintiff Fernando Rodriguez alleges that defendants Connecticut State Troopers Paul Comesanas and Robert Boroski are liable in their individual and official capacities for violation of his constitutional rights pursuant to 42 U.S.C. § 1983. Specifically, plaintiff alleges violations of the Fourth, Fifth, Eighth and Fourteenth Amendments.[1] Plaintiff also alleges state common law torts of assault and battery, false imprisonment, intentional infliction of emotional distress, negligent infliction of emotional distress and malicious prosecution. Defendants have filed a motion to dismiss based on immunity and failure to state a claim.[2] For the following reasons, the

---

[1] Plaintiff also alleges that defendants deprived him of his right to be treated honestly, fairly and lawfully by the government. Defendants complain that this allegation does not state a cognizable legal claim. Plaintiff's opposition does not address defendants' assertion. However, the Court construes the allegation to assert a violation of due process of law pursuant to the Fourteenth Amendment.

[2] Defendants have also moved to dismiss the complaint for failure of service of process, although they acknowledge that their argument for dismissal on such basis is premature. The Court will not dismiss the case for failure of service of process at this time. However, the Court notes that service on the Attorney General is not sufficient to serve an employee of the state of Connecticut sued in his or her individual capacity. Conn. Gen. Stat. § 52-57(a); see also Eiden v. McCarthy, 531 F. Supp. 2d 333, 344 (D. Conn. 2008). If necessary, plaintiff may file a motion for an extension of time to serve defendants.

1

motion to dismiss will be granted in part and denied in part.

## BACKGROUND

For purposes of this ruling, the Court assumes that all facts alleged in the complaint are true.

On July 28, 2007 at 12:30 AM, plaintiff was lawfully operating a motor vehicle on a public highway in Stamford, Connecticut.  Defendant Boroski pulled plaintiff over and executed a felony stop by pointing his pistol at plaintiff.  Boroski opened the driver's side door of plaintiff's car and handcuffed plaintiff's left wrist and began pulling plaintiff out of the car.  Plaintiff, who knew that car was still engaged in drive, hesitated from leaving the vehicle despite the handcuffs.  He paused and pushed the stick shift in the console from the "drive" to the "park" position.

Boroski then pulled plaintiff from the car and forced him to his knees facing the car.  He handcuffed plaintiff and pushed him face down onto the sidewalk.  Defendant Comesanas arrived at the scene with his dog, which proceeded to bite and attack plaintiff's back, arms and shoulder.  Plaintiff tried to move under his automobile to protect himself from the attack.

Defendants took plaintiff prisoner and wrote an incident report falsely accusing plaintiff of taking evasive action and interfering with the police.  Defendants also set an unreasonably high bail based upon these false accusations.

## DISCUSSION

The function of a motion to dismiss is "merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support

thereof." Ryder Energy Distrib. v. Merrill Lynch Commodities, Inc., 748 F. 2d 774, 779 (2d Cir. 1984).  When deciding a motion to dismiss, the Court must accept all well-pleaded allegations as true and draw all reasonable inferences in favor of the pleader. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).  The complaint must contain the grounds upon which the claim rests through factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007).  The complaint is sufficient if the well-pleaded factual allegations plausibly give rise to an entitlement to relief.  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009).

Statutory Immunity

Plaintiff does not dispute that defendants are immune from liability for monetary damages in their official capacities based on the Eleventh Amendment and common law sovereign immunity.  Defendants assert that they are protected from tort liability by Connecticut General Statutes § 4-165.  However, plaintiff contends that his state law claims against defendants in their individual capacities should not be dismissed.

Section 4-165 provides state officials and employees who are sued in their individual capacities a limited immunity from suit.  It provides: "No state officer or employee shall be personally liable for damage or injury, not wanton, reckless or malicious, caused in the discharge of his duties or within the scope of his employment." Conn. Gen. Stat. § 4-165; see also Miller v. Egan, 265 Conn. 301, 318-19 (2003) (state employees are not personally liable for negligent acts performed within the scope of their duties but they do not have statutory immunity for wanton, reckless or malicious actions, or for actions not performed within the scope of their employment).

Here, plaintiff has alleged facts to suggest that defendants' conduct in creating a false incident report and allowing the dog to attack him while he was handcuffed on the ground was reckless and malicious.  Accordingly, the Court will not dismiss the claims of intentional torts on the basis of statutory immunity; the Court will dismiss the claim of negligent infliction of emotional distress.

<u>Failure to State Fifth and Eighth Amendment Claims</u>

Defendants argue, and plaintiff agrees, that his Fifth Amendment due process and Eighth Amendment cruel and unusual punishment claims are misplaced and should be dismissed.  Plaintiff contests dismissal of his claim that defendants violated the Eighth Amendment by allegedly setting excessive bail.

However, the Court will dismiss plaintiff's Eighth Amendment excessive bail claim.  Defendants are entitled to absolute immunity from individual liability under Section 1983 for actions related to a police officer's bail setting function pursuant to Connecticut General Statutes § 54-63c.  <u>Walczyk v. Rio</u>, 496 F.3d 139, 164 (2d Cir. 2007).

**CONCLUSION**

For the foregoing reasons, the motion to dismiss [Doc. #8] is GRANTED in part and DENIED in part.  The Court dismisses all claims against defendants in their official capacities, the claim of negligent infliction of emotional distress, and the claims of Fifth

and Eighth Amendment violations.  Plaintiff is instructed to amend the complaint consistent with this ruling within ten days of this ruling's filing date.

    Dated at Bridgeport, Connecticut, this _19th__ day of November, 2009.

                                                   /s/
                                  Warren W. Eginton
                                  Senior United States District Judge